James S. Brown, J.
Proceeding to review the determination of respondent denying a certificate of eviction.
Petitioner, his wife and their son-in-law purchased the subject six-family dwelling in April, 1957. At the time of purchase the son-in-law and his wife moved into a vacant apartment therein. Petitioner, his wife and their two sons live elsewhere in a five-room apartment.
Petitioner filed an application for the tenant’s four-room apartment on the ground that his daughter was pregnant, that the mother wanted to be near her daughter to take care of her, that the premises did not contain a janitor and that the son-in-law and daughter both worked and could not properly care for the property. The application was denied for failure of petitioner to establish an immediate and compelling necessity.
A protest was filed which, in addition to the grounds set forth in the application, alleged that the parties had purchased the premises not for investment but for a home and that it is not possible to maintain the services of a janitor because the expenses of the property exceed the income. The protest was *437 denied, respondent finding that the applicants were properly-housed, that they had failed to show inability to obtain the services of a visiting superintendent and that petitioner had failed to establish an immediate and compelling necessity.
Upon this application, petitioner challenges the constitutionality of section 55 of the State Bent and Eviction Begulations of the Temporary State Housing Bent Commission which requires a finding of an immediate and compelling necessity in this situation before a certificate may be issued. Petitioner attacks the distinction made between multiple dwellings and one- or two-family homes. This distinction has been accepted (Matter of Wisotsky v. McGoldrick, 279 App. Div. 1011, affd. 304 N. Y. 619). In passing upon validity of legislation alleged to violate equal protection clauses because said legislation operates solely with respect to particular classes of property, the test is whether the classification has a reasonable basis or not, bearing in mind the subject matter and object of the legislation. (U. S. Const., 5th Amdt., 14th Amdt.; N. Y. Const., art. I, §§ 6, 7, 10, 11; Matter of New York State Comm. Against Discrimination v. Pelham Hall Apts., 10 Misc 2d 334.) It is obvious to this court that the distinction made between commercial property and one- or two-family houses is reasonable.
Since the determination has support in the record and may not be said to be arbitrary or capricious, the petition is dismissed.
■Settle order on notice.